WILLIAM SHAUNTZ, Plaintiff, *v.* SCHWEGLER BROTHERS, INC., and Another, Defendants.

County Court, Niagara County, July 18, 1935.

*John F. Mc Nulty,* for the plaintiff.

*A. T. O' Neill,* for the defendant Schwegler Brothers, Inc.

GOLD, J. This cause of action arose from a collision of automobiles on June 15, 1934, at Twenty-fourth street and Ferry avenue in the city of Niagara Falls, N. Y.

The defendant Schwegler Brothers, Inc., had in its employment the defendant William J. Dugan. Dugan was operating his own automobile at the time of the accident. He was in the employ of Schwegler Brothers, Inc., as a service man engaged in repairing general electrical appliances. His automobile was used by him with the knowledge of Schwegler Brothers, Inc., but without any specified money allowance for its use.

On the day of the accident Dugan had worked all day, and at about five o'clock in the afternoon he was assigned to a job by the service manager for Schwegler Brothers, Inc., at 1644 Cleveland avenue in the city of Niagara Falls. He left the store of the company with that one order and then met one Jehle, a coemployee, employed by Schwegler Brothers, Inc., who did the same type of work as Dugan.

They went down to look at a refrigerator on Nineteenth street to see how it was getting along. Jehle had no superior position to that of Dugan. They had no order from the company with reference to the refrigerator on Nineteenth street. The place on Nineteenth street was known as Mara's saloon. They stopped at this latter place about one-half hour.

After leaving Mara's, they both went to Cleveland avenue, where Dugan did the work which had been previously assigned to him by the company. While at that location, a call came in to go to Pine avenue and check a refrigerator. There is no evidence as to who made this telephone call. Upon completing the Cleveland avenue job, both Dugan and Jehle left in Dugan's automobile and went down on Pine avenue, where Dugan checked a switch and relay in a refrigerator and both met a Mr. Hattersley, another coemployee of the company, who was doing the same type of work. All three left the Pine avenue address and went down on Twenty-seventh street. There is no evidence that Schwegler Brothers, Inc., assigned Dugan to this job.

From the Twenty-seventh street address the three coemployees then went back to Mara's saloon on Nineteenth street, where Dugan claims they went to check Mara's refrigerator again. He stated that he had no order for checking this refrigerator, that he was doing it for good will, because Mara asked him to look at it. He claims that he checked the refrigerator twice, once at six o'clock and again at nine o'clock on the same evening. The three employees then sat down and had about two glasses of beer.

There is evidence that they agreed to go to Hattersley's house on Eighty-first street in the city of Niagara Falls and left Mara's with that understanding. The defendant Dugan left in his own automobile alone. He said that he had some thought as to his family and believed his place was at home with his family and upon getting outside, changed his mind, deciding to go home.

About two hours and forty-five minutes elapsed after Dugan completed the job for the company, which he was sent out to do and the time of the accident. Dugan testified that it took him about one-half hour to do the work which he was sent out to do on the Cleveland avenue job.

On motion of the defendant Schwegler Brothers, Inc., the court granted its motion for nonsuit and dismissal of the complaint on the theory that the defendant Dugan was not acting within the scope of his employment by the defendant Schwegler Brothers, Inc., at the time of the accident. The case was then submitted to the jury as against the defendant Dugan and a judgment rendered against him in the sum of $1,866. Plaintiff now asks this court to grant a new trial as against the defendant Schwegler Brothers, Inc.

In the case of *Quinn* v. *Power* (87 N. Y. 535) the court states the rule, which is as follows: " That the master is liable for the negligence or misfeasance of the servant while the latter is acting in the master's business, and within the scope of the servant's employment is not disputed."

Plaintiff also cites the case of *Jones* v. *Weigand* (134 App. Div. 644), which holds as follows: " The test is whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions. If the servant for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service, the master is not liable; but to constitute an abandonment of the service the servant must be serving his own or some other person's purposes wholly independent of his master's business."

In both of these cases, the employee, while not acting in the direct line of duty, was in possession of and had control of property belonging to the employer and with his consent.

Plaintiff states in his brief that he is unable to find any New York cases which pertain to the liability of the master when the employee was operating his own car under circumstances similar to this case.

In determining whether or not the defendant Dugan was in the employ of the master, there must have been a definite time at which his services on that day began and when they terminated. It is admitted that Dugan used his own car as a means of conveyance from his home to his work and that during the course of his employment during the day, used his car when doing certain types of work. There can be no question as to the liability of his employer upon any job which Dugan had been sent out to perform by the company and on his return to the company's place of business after completing the work. There is no evidence that he received pay from the time he left his home until he returned to his home and the logical conclusion from the evidence is that he was not so paid. That being true, his service began when he reported to the company in the morning and ended when he finished the last work assigned to him by the company in the afternoon. He could claim no pay for any other work.

On the particular day in question he was sent to do a specific job at approximately five o'clock in the afternoon. When this job was completed, he had no other orders from the company for the day. Consequently, when that job was completed, his work for the company on that day ended. He could not demand pay from the company after completing that particular work any more than he could demand pay from the company after he had completed his day's work at the place of business of the company.

I can see no other line of reasoning which can be applied to this case.

Having completed his work for the day, so assigned to him, he cannot recover against the company due to an accident which occurred when he was returning home after the work was completed.

The motion is, therefore, denied.